United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| NYKAZA GEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  3:15-CV-442 JVB |
| v. | ) | |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Nykaza Gee, a *pro se* prisoner, filed a vague complaint under 42 U.S.C. § 1983.  (DE 1.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Gee complains about events that occurred on July 21, 2014,while he was an inmate at the Indiana State Prison. (DE 1 at 4, 5.)  Without much detail, he alleges that Officer Brady

Janovitz and Officer Eric Parrish injured him. He received a number of injuries including a cut to the forehead, a swollen right shoulder, a "poke" to the right shoulder blade, and an injured finger. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

The court cannot weigh these factors here due to the gaps in Gee's account. It appears that he brings suit against these officers because he was injured by their actions. However, merely being injured by an officer does not state a claim for excessive force. *Hendrickson*, 589 F.3d at 473. He does not explain what transpired between him and these officers that led to the officers' use of force.  He does not address whether the use of the officers' force was legitimate or whether there was a need for the officers' application of force.  Nor does he describe the extent of his injures. Without more information about the circumstances surrounding his interactions with Officers Janovitz and Parrish, the court cannot determine whether he states a plausible excessive force claim.

Because this complaint is vague, Gee will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, Gee needs to set forth his claims against the officers in sufficient detail and address the deficiencies raised in this order. In the amended complaint, he should fully explain in his own words what happened, when it happened, where it happened, and who was involved.  He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Nykaza Gee;

(2) **GRANTS** Nykaza Gee until January 25, 2016, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on December 10, 2015.

                                             s/ Joseph S. Van Bokkelen
                                             Joseph S. Van Bokkelen
                                             United States District Judge
                                             Hammond Division