# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| NYKAZA GEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:15-CV-442 JVB |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Nykaza Gee, a *pro se* prisoner, filed an complaint under 42 U.S.C. § 1983.  (DE 13.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs*., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the

defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Gee is presently an inmate at the Indiana State Prison ("ISP"). On July 21, 2014, while at ISP, Officers Brady Janovitz and Eric Parrish approached him and questioned why he was sitting on the floor. Gee explained that it was hot in the prison he was trying to stay cool by sitting in front of a fan. He alleges these officers ordered him to stand up and they grabbed his arms. When Gee asked why they were restraining him, Officer Janovitz slammed his head into the jail cell bars. The officers continued to beat Gee without reason until he passed out. Gee suffered numerous injuries and alleges the officers used excessive force in violation of the Eighth Amendment.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Here, the complaint can be read to allege that there was no reason for the officers to use any application of force. Instead, Officers Janovitz and Parrish used force against him to maliciously or sadistically cause Gee harm. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed further against these officers. Further factual development may show the officers acted reasonably under the circumstances, but Gee has alleged enough at this stage.

As a final matter, Gee again moves for leave to proceed *in forma pauperis*. (DE 12.) The record reflects that Gee has previously been granted leave to proceed *in forma pauperis*. (DE 4.)

2

For these reasons, the court:

(1) **DENIES AS MOOT** the motion to proceed in forma pauperis (DE 12);

(2) **GRANTS** the plaintiff leave to proceed on a claim against Brady Janovitz and Eric Parrish in their individual capacities for monetary damages for violating the Eighth Amendment by using excessive force against him on July 21, 2014;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Brady Janovitz and Eric Parrish to the United States Marshals Service along with a copy of the amended complaint (DE 13) and this order;

(5) **DIRECTS** the U.S. Marshals Service to effect service of process on Brady Janovitz and Eric Parrish pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Brady Janovitz and Eric Parrish respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on April 26, 2016.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division