UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NYKAZA GEE, )<br>)<br>  Plaintiffs, )<br>)<br>  v. )<br>)<br>ERIC PARRISH and BRADY )<br>JANOVITZ, )<br>)<br>  Defendants. ) | CAUSE NO.  3:15-CV-442-JVB-CAN |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Eric Parrish and Ken Young, by counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment.

### I. Introduction

Plaintiff Nykaza Gee (#127839) ("Plaintiff") is an offender in the Indiana Department of Correction ("IDOC") and filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his Eighth and Fourteenth Amendment rights (*See* Complaint). Plaintiff alleges that he was assaulted by Defendants on July 21, 2014 at the Michigan City Prison. *See* Prisoner Complaint. The complaint was received on March 15, 2016.

Plaintiff's claims are barred due to his failure to exhaust the administrative process available. Despite knowing that a grievance process was available, Plaintiff failed to file any grievance with regards to the allegations in his Complaint. (*See* **Attachment B** -History of Grievances for Offender; *See* Prisoners Complaint, II. Grievance Procedure). Instead, he chose to proceed with this case.

1

Under IDOC policy, which has been in place since December 1, 2005, offenders may file a grievance against an individual staff member. (**Attachment C -** Long Decl. ¶ 9). This policy, the IDOC Policy and Administrative Procedure 00-02-301 Offender Grievance Process (Effective Date 01/01/2010), governed the grievance process at the time of Plaintiff's alleged incident (*See* **Attachment A –** Grievance Procedure). To begin the initial grievance process, offenders must first complete State Form 52897 at the Offender Complaint-Informal Process Level. (Long Decl. ¶ 10). If the complaint cannot be resolved informally, the grievance proceeds into the formal grievance process. (Long Decl. ¶ 11). An offender must file a formal grievance within twenty business days from the date of the incident. *Id*. An offender who is unsatisfied with the results of the grievance procedure can appeal the decision to the Department Offender Grievance Manager. (Long Decl. ¶ 13). This second level review allows for "greater authority to review the facility response and fashion a remedy." (Long Decl. ¶ 14). The decision rendered in the "Level II Appeal is reviewed and responded to by the final reviewing authorities in the IDOC's Central Office." *Id.* If the grievance is determined to be founded, a remedy may be available. (Long Decl. ¶ 25). Under IDOC policy, "[e]xhaustion of the grievance procedure requires pursuing an appeal to the final step." (Long Decl. ¶ 15).

Plaintiff failed to follow the IDOC grievance procedures regarding the allegations in his Complaint. (Long Decl. ¶ 19-23, *See* **Attachment B -** History of Grievances for Offender). Plaintiff failed to submit any grievance which meant that there was no opportunity for authority to review his allegations and "fashion a remedy

2

to any alleged complaint." (Long Decl. ¶ 22).  Had the Plaintiff proceeded with the IDOC grievance process, IDOC would have completed a full investigation into the allegations and provided a response to the complaint. (Long Decl. ¶ 24). Had the Plaintiff filed a grievance and proceeded through the IDOC process, a suitable remedy could have been available. (Long Decl. ¶ 25). Because of Plaintiff's failure to complete the grievance process, Plaintiff has failed to exhaust his available administrative remedies in accordance with DOC procedures. (Long Decl. ¶ 23).Therefore, Defendants move the Court to enter judgment in their favor and to dismiss all claims for Plaintiff's failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

II.    **Statement of Material Facts Not in Dispute**

The record in this case, the sworn affidavit and exhibits filed with Defendants' Motion for Summary Judgment, and Plaintiff's Complaint and exhibits thereto, show the undisputed material facts ("Facts"):

1. Plaintiff was incarcerated at the Indiana State Penitentiary ("ISP") in Michigan City, IN on the date of the alleged incident. (EFC 13).

2. Vickie Long, an Offender Grievance Specialist at ISP, is familiar with the grievance procedure followed at ISP and the rules and regulations of IDOC regarding grievances. (Long Decl. ¶ 3).

3. Vickie Long's position allows her access to: "(1) the files in which copies of offender grievances are maintained ("offender packets"), and (2) the computer records containing the records of offender grievances filed ("OGRE"), and (3) the

IDOC's Offender Information System ("OIS"), which is a computer records of information relating to offenders who have been committed to the IDOC." (Long Decl. ¶ 4).

4. There is an IDOC grievance policy in place at ISP which was in place while the Plaintiff was incarcerated there and during the time that the Plaintiff alleges his rights were violated. (Long Decl. ¶ 8)

5. IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process (Effective Date 01/01/2010), was the IDOC policy in place to govern the grievance process at the time of Plaintiff's alleged incident. This policy details how an offender can exhaust his administrative remedies through the grievance process. (Long Decl. ¶ 8) (*See* **Attachment A** - Grievance Procedure).

6. Since December 1, 2005, offenders have been able to grieve actions of individual staff members. (Long Decl. ¶ 9).

7. To begin the grievance process, the offender shall contact the Offender Grievance Specialist, Casework Manager, Caseworker, or Unit Team Member within five business days of the incident to obtain, and complete, State Form 52897 "OFFENDER COMPLAINT-INFORMAL PROCESS LEVEL." The offender must next attempt to resolve the grievance, informally, with the staff in question within five business days from receiving State Form 52897. (Long Decl. ¶ 10).

8. If the grievance cannot be resolved informally, the offender may proceed to the Level I formal grievance process where, once the forms are received, the grievance is logged and assigned a case number. The Level I formal grievance

must be filed within twenty business days from the date of the incident. (Long Decl. ¶ 11).

9. If the offender is unsatisfied with the result of the Level I process, he/she may notify the "Offender Grievance Specialist that he/she wants to proceed to the next level which would be to appeal to the Department Offender Grievance Manager." (Long Decl. ¶ 13).

10. "The formal appeal is a second level of review that affords greater authority to review the facility response and fashion a remedy. The response given in the Level II Appeal is reviewed and responded to by the final reviewing authorities in the IDOC's Central Office. (Long Decl. ¶ 14).

11. When a grievance is determined to be founded, a remedy could be offered to the offender. (Long Decl. ¶ 25).

12. "Exhaustion of the grievance procedure requires pursuing an appeal to the final step." (Long Decl. ¶ 15).

13. The IDOC maintains records of every informal grievance, formal grievance, and formal appeal filed by an offender. (Long Decl. ¶ 19).

14. IDOC records indicate that Plaintiff, Offender Gee, failed to submit any grievances related to the incident alleged in his Complaint. (Long Decl. ¶ 21). (*See* **Attachment B** - History of Grievances for Offender).

15. Failure to submit a grievance through IDOC eliminates the opportunity for a greater authority to review allegations and fashion a remedy to any alleged complaint. (Long Decl. ¶ 22). Had a grievance been filed, a full investigation

5

would have been completed as to his complaint and a response provided to the offender. (Long Decl. ¶ 24).

16. Plaintiff failed to file a grievance with IDOC and thus failed to exhaust his available administrative remedies in accordance with the IDOC's policies and procedures prior to filing his Complaint. (Long Decl. ¶ 23).

### III.  Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure allows a party to move for summary judgment if they can demonstrate to the court that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee*, 246 F. 3d 927, 932 (7th Cir. 2001). "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1103 (7th Cir. 2008 (citations omitted). The substantive law underlying the claim defines which facts are material, and the Court should refrain from granting the motion when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c) (4).

### IV.     Analysis

In the present case, summary judgment is appropriate because the Plaintiff failed to exhaust all administrative remedies available to him prior to filing this lawsuit.

The Prison Litigation Reform Act ("PLRA") was "designed to reduce the quantity and improve the quality of prisoner suits" by allowing "correction officials an opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle,* 534 U.S. 516, 517, 122 S.Ct. 983, 992 (2002) (*quoting Booth v. Churner,* 532 U.S. 731, 737, 121 S. Ct. 1819 (2001)). Additionally, for cases that find their way into court, "an administrative record clarifying the controversy's contours could facilitate adjudication." *Id*. Failing to proceed through the administrative process before litigating a grievance puts the adjudging court at a severe disadvantage.

Exhaustion of administrative remedies is a condition precedent to suit under the PLRA. *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). This applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v.*

7

*Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992 (2002). "[A]dministrative exhaustion [is] required even if the process could not result in a prisoner's desired form of relief." *Booth v. Churner,* 532 U.S. 731, 121 S. Ct. 1819 (2001). By requiring prisoners to exhaust all administrative remedies, this ensures compliance with an agency's deadlines and procedural rules. *Woodford v. Ngo,* 548 U.S. 81, 93 (2006).  A prisoner who fails to take each step in the administrative process has failed to exhaust and cannot bring suit. *Pozo v. McCaughtry,* 286 F. 3d 1022, 1024 (7th Cir. 2002). "Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Id*.  "[U]nexhausted claims, even those alleging excessive force by staff, cannot be brought into court." *Porter,* 534 U.S. at 532; *See also Jones v. Bock,* 549 U.S. 199, 204 (2007).

The Seventh Circuit takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Pozo*, 286 F.3d at 1025.  If the prisoner fails to use the prison's grievance system, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole,* 438 F.3d at 809. Sufficient exhaustion requires that the prisoner comply with the prison's deadlines and other procedural rules. *Woodford,* 548 U.S. at 90-91.

The evidence clearly demonstrates that the ISP maintains an offender grievance forum, as required by DOC Policy. (Facts, ¶ 5).  The requirements of the grievance process are clear: the offender has an informal and two formal steps that he must take to exhaust his administrative remedied. (Facts, ¶ 7-10).  If a grievance is determined to be founded, a remedy could be available to the offender. (Facts, ¶ 11).  At the time of the alleged incident, the grievance process was active at the Plaintiff's location and would

have allowed him to grieve against an individual staff member. (Facts, ¶ 4, 6). Plaintiff failed to take advantage of the administrative process and did not file any grievances. (Facts, ¶ 14). Plaintiff has not exhausted his administrative remedies and thus his suit arising through 42 U.S.C. § 1983 cannot proceed.

## V.     Conclusion

For the above reasons, Defendants respectfully move the Court to grant summary judgment in their favor and against Plaintiff, to dismiss all claims against them, and to grant all other relief deemed just and proper by the Court.

Respectfully submitted,

GREGORY F. ZOELLER
Indiana Attorney General
Attorney No. 1958-98

Date:  September 19, 2016          By:  s/ *Philip A. Gordon*
Philip A. Gordon
Deputy Attorney General
Attorney No. 31321-49

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone:  (317) 232-6217
Fax:  (317) 232-7979
Email:  Philip.Gordon@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  I also certify that a copy of the foregoing was sent by United States Mail, postage prepaid to the following:

Nykaza Gee
DOC #127839
Indiana State Prison
One Park Row
Michigan City, IN 46360

                                              */s/ Philip A. Gordon*
                                              Philip A. Gordon
                                              Deputy Attorney General

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6217
Fax:  (317) 232-7979
Email: Philip.Gordon@atg.in.gov