# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| NYKAZA GEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:15-CV-442 JVB |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Nykaza Gee, a *pro se* prisoner, was granted leave to proceed on an Eighth Amendment claim against Officers Brady Janovitz and Eric Parrish for their using excessive force against him on July 21, 2014, at the Indiana State Prison. The defendants move for summary judgment, arguing that Gee failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). (DE 28.)

Gee was provided with a "Notice of Summary-Judgment Motion" as required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (DE 30.)  That notice clearly informed him that unless he disputed the facts presented by the defendant, the court could accept those facts as true.  Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). It also told him that unless he submitted evidence creating a factual dispute, he could lose this case. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Despite being given proper notice of the motion for summary judgment, Gee has not responded. Pursuant to N.D. IND. LOCAL RULE 7-

1(d)(4), a party's failure to file a response within the time prescribed may subject the motion to summary ruling. Nevertheless, this "does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court still must make the finding that "given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Therefore, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules

require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

There was an inmate grievance process in place while Gee was housed at the Indiana State Prison ("ISP"). (DE 29-3, Decl. Vickie Long ¶ 9; DE 29-1, IDOC Offender Grievance Process.) The grievance process has three steps. The process begins with the inmate attempting to resolve the matter informally with staff by completing State Form 52897. (Decl. Long at ¶ 10.) If the issue cannot be resolved informally, the inmate must file a formal grievance within 20 working days of the underlying incident. (Id. at ¶ 11.) If the formal grievance is not resolved to the inmate's satisfaction, he must file an appeal of the grievance response. (Id. at ¶ 13, 14.) While housed at ISP, Gee did not submit any grievance regarding the allegations for which he was granted leave to proceed in this case. (Id. at ¶¶ 19-23; DE 29-2, History of Grievances for Offender.)

The undisputed facts show that ISP had a grievance process in place at the time of the alleged assault. Despite this available administrative process, Gee failed to submit any grievance related to the alleged July 21, 2014, assault. Accordingly, Gee did not fully exhaust his administrative remedies before bringing this lawsuit, *see Pozo*, 286 F.3d at 1025, and the case must be dismissed pursuant to 42 U.S.C. § 1997e(a). It is not clear that Gee still has the ability to exhaust but, because the IDOC could allow him to cure his omission, the dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the motion for summary judgment (DE 28) is **GRANTED** and this

3

case is **DISMISSED** without prejudice pursuant to 42 U.S.C. § 1997e(a).

     **SO ORDERED** on November 18, 2016.

                                             s/ Joseph S. Van Bokkelen
                                             Joseph S. Van Bokkelen
                                             United States District Judge
                                             Hammond Division